**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Case No.: 12-cv-00342

| | | |
|---|---|---|
| KUVEDINA, LLC | : | |
| | | Judge: |
| Plaintiff, | : | |
| | | |
| -vs- | : | **COMPLAINT** |
| | | |
| COGNIZANT TECHNOLOGY SOLUTIONS, | : | |
| | : | |
| and | | |
| | : | |
| CRYSTALSOFT, INC. | : | |
| | | |
| and | : | |
| | | |
| MAHESH KASHYAP, individually and as an agent of Cognizant Technology Solutions, | : | |
| | | |
| Defendants. | : | |

**NATURE OF THE ACTION**

1.  This is a civil action to hold Cognizant Technology Solutions responsible for breaching an Agency Agreement with Kuvedina, LLC; tortiously interfering with Kuvedina, LLC's business relations; fraudulently misrepresenting facts about its business; wrongfully withholding and converting monies owed to Kuvedina, LLC; and causing substantial financial loss to Kuvedina, LLC.  This civil action also seeks to hold Mahesh Kashyap responsible for accounting fraud by fraudulently inducing Kuvedina, LLC, while acting in his capacity as an agent of Cognizant Technology Solutions, to deposit money into Crystalsoft, Inc., an entity unaffiliated with Cognizant Technology Solutions.  Kuvedina, LLC, as a result of these actions, has been and continues to be substantially harmed and now brings this lawsuit for claims arising under New

1

Jersey law.

## THE PARTIES

2. Plaintiff, Kuvedina, LLC ("Kuvedina"), is a domestic limited liability company organized under the laws of Illinois, with its principle place of business in Champaign, Illinois.

3. Defendant, Cognizant Technology Solutions ("Cognizant"), is a for-profit corporation organized and existing under the laws of the state of Delaware, with its principle place of business at 500 Frank W. Burr Boulevard, Teaneck, New Jersey 07666.

4. Upon information and belief, Defendant, Crystalsoft, Inc., is a for-profit corporation organized and existing under the laws of the state of Texas, with its principle place of business at 1272 Tioga Dr., Irving, Texas 75063.

5. Upon information and belief, Defendant, Mahesh Kashyap is an individual and a resident of the state of Texas.

## JURISDICTION

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this controversy is between citizens of different states.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district.

## STATEMENT OF FACTS

8. Kuvedina is a consulting firm that is in the business of providing consultants with computer programming, project management and analysis skills for assignments with clients as well as provides similar services to businesses throughout the United States.

9. On or about February 18, 2010, Cognizant entered into a contract with Kuvedina to provide consultants to assist in the creation of work and staffing of consultants for Cognizant's clients. The details of the agreement are more fully set forth in the Agency Agreement. *See* Exhibit A.

10. Pursuant to the Agency Agreement, Kuvedina was to regularly submit to Cognizant monthly invoices for the work that its consultants performed.

11. Upon receiving an invoice, Cognizant was obligated to make payment to Kuvedina within thirty (30) days after the last of the month. *See* Agency Agreement at paragraph 4(b).

12. During the course of Kuvedina's agency relationship with Cognizant, Cognizant committed several material breaches of the Agency Agreement.

13. Despite Kuvedina's timely and proper submission of its invoices, Cognizant failed to timely remit payment, in violation of the Agency Agreement.

14. The following invoices were not paid within thirty (30) days after the last of the month, in breach of the Agency Agreement: Invoice Nos. 1, 4-10, 25-30, 35, 36, 38, and 40. *See* Exhibit B.

15. With respect to Invoice No. 5, this invoice was never paid.

16. With respect to Invoice No. 30, this invoice was not paid until Plaintiff's counsel notified Cognizant of its intent to file a lawsuit. On August 26, 2011, Cognizant acknowledged that it had never submitted payment to Kuvedina for Invoice No. 30. This acknowledgment was sent via email by Joelle Quilla, Vice President and General Counsel for Cognizant.

17. As a result of these late payments, Kuvedina was unable to pay its consultants in a timely fashion, and this further resulted in several consultants terminating their employment with Kuvedina.

18. As a direct and proximate result of Cognizant's late payments which in turn caused Kuvedina's employees to terminate their employment, Kuvedina has suffered and continues to suffer a loss of about 25-30% of its annual profits.

19. Cognizant also had a duty to keep confidential certain proprietary and trade secret information of Kuvedina.

20. During the course of the Agency Agreement, Cognizant caused sensitive information about Kuvedina's business practices and billing rates to be released to one or more third parties and/or independent contractors.

21. As a direct and proximate result of these unauthorized disclosures, Kuvedina suffered and continues to suffer damages, including but not limited to loss of revenue and loss of its consultants.

### Fraudulent Misrepresentation by Mahesh Kashyap

22. Upon information and belief, Mahesh Kashyap ("Kashyap") is or was a full time employee at Cognizant and holds the title of Senior Program Manager.

23. Pursuant to the Agency Agreement, Kashyap met with Anil Baddi, the president and managing director of Kuvedina, in Mason, Ohio to discuss several issues relating to the Agency Agreement between Kuvedina and Cognizant.

24. Kashyap was Cognizant's primary point of contact that was responsible for interviewing, hiring, and overseeing the work of Kuvedina for its clients.

25. Kashyap, on behalf of Cognizant, frequently solicited the services of Kuvedina to provide consultants to assist with assignments for Cognizant's clients.

26. During the course of the agency relationship, Kashyap represented to Mr. Baddi that a company by the name of Crystalsoft, Inc. was an affiliate of Cognizant. It was explained that the purpose of this affiliate company was to help facilitate payments to Kuvedina under the Agency Agreement because of Cognizant's cash flow problems. Kashyap supported these statements with documentation to Mr. Baddi.

27. Kashyap also stated that in order for Cognizant to continue paying Kuvedina under the Agency Agreement, Cognizant was requesting that $125,765.00 be paid as "performance

collateral" to Crystalsoft, Inc.  This amount was to be to be returned to Kuvedina after completion of certain job duties under the Agency Agreement and Purchase Order.

28. Kuvedina was instructed by Kashyap to make this amount payable to Crystalsoft, Inc., which he again represented was an affiliate and subsidiary of Cognizant.

29. Between the months of June 2010 through November 2010, Kuvedina paid Crystalsoft, Inc. $125,765.00.

30. Kuvedina promptly requested the return of the "performance collateral" but to date, Defendants have not paid back Kuvedina.

31. It was only after this transaction that Kuvedina became aware through independent investigation that Crystalsoft, Inc. was not an affiliate or subsidiary of Cognizant, and, upon information and belief, was a decoy corporation set up to fraudulently induce Kuvedina into depositing money to Kashyap personally.

32. Kashyap failed to disclose the true nature of Crystalsoft, Inc. to Kuvedina and similarly failed to give Kuvedina a valid EIN.

33. Upon information and belief, Cognizant was aware of these transactions and the existence of Crystalsoft, Inc., and allowed Kashyap to fraudulently obtain money from Kuvedina.

34. As a direct and proximate result of this fraudulent behavior, Kuvedina has suffered and continues to suffer damages as a result Kashyap's misrepresentations.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### (AGAINST DEFENDANT COGNIZANT)

35. Plaintiff repeats and incorporate by reference all preceding paragraphs as if fully set forth herein.

36. A written contract ("Agency Agreement") was entered into between Plaintiff and

5

Defendant Cognizant. *See* Exhibit A.

37. Under the Agency Agreement Cognizant was obligated to submit payment for invoices to Plaintiff within thirty (30) days after the last of the month. *See* Exhibit A, paragraph 4(b).

38. Plaintiff performed all of the conditions, covenants, and promises required by it to be performed in accordance with the terms and conditions of the Agency Agreement.

39. Defendant Cognizant breached its contract with Plaintiff by failing to pay invoices and/or failing to timely pay invoices.

40. As a direct and proximate cause of Defendant Cognizant's actions, Plaintiff has suffered damages and continues to suffer damages.

41. As a result of the breach by Defendant Cognizant, Plaintiff has been damaged in an amount exceeding $4,000,000.00 USD, plus prejudgment and postjudgment interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**MISAPPROPRIATION OF TRADE SECRETS
(AGAINST DEFENDANT COGNIZANT)**

42. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

43. The books and records of Kuvedina and the confidential customer list and account information contained therein, including the identity of Kuvedina customers, their names and addresses, agents and account managers, business and financial dealings, the transactions in their Kuvedina accounts, purchase requirements, purchasing history and patterns, servicing terms and conditions, lease agreement lengths, expirations, and terms, equipment configurations, customer plans, preferences, communicated needs, interconnectivity opportunities, profitability considerations, Kuvedina's strengths and weaknesses with its customers, and other business and

financial information concerning Kuvedina products, prices, pricing schedules, profitability considerations, marketing strategies, leasing terms, vendors, costs, training techniques, distribution and delivery systems, and/or other market considerations, are trade secrets subject to protection under the Illinois Trade Secrets Act, ILL. COMP. STAT. 1065/1-9, and relevant precedents and standards established thereunder.

44. Defendant Cognizant knew or had reason to know that it acquired part or all of this information under circumstances giving rise to its duty and Agency Agreement with Kuvedina to maintain the secrecy of this information and/or to limit its use. Defendant Cognizant likewise knew or should have known of its duties and/or its client's duties to Kuvedina and acted with knowledge to allow, condone, support and otherwise acted in concert with its agents and/or clients to engage in the conduct described herein.

45. Kuvedina communicated the information to Cognizant in confidence.

46. Cognizant deliberately, willfully and/or maliciously misappropriated trade secret and confidential information to itself and/or third parties.

47. Upon information and belief Cognizant knew and retained, at all times relevant, the above-described information from Kuvedina; has condoned, permitted, supported, assisted and otherwise acted in concert with others to misappropriate, retain, use, maintain, profit from, seek advantage, seek economic gain and otherwise capitalize upon Kuvedina's confidential and trade secret information and/or permit others to seek economic gain and otherwise capitalize upon Kuvedina's confidential and trade secret information, and has long been on notice of, and failed to honor, Kuvedina's claims and demands with respect to remediating and compensating Kuvedina for the improper use, conversion and misappropriation of Kuvedina's information and property and solicitation of Kuvedina's consultants by improper means.

48. Upon information and belief, this information has been used by one or more competitors to the detriment of Kuvedina. Specifically, and upon information and belief, there are individuals who are using Kuvedina's trade secrets to outbid and undercut its rates.

49. Kuvedina has undertaken efforts that are reasonable under the circumstances to maintain the secrecy of this information.

50. The foregoing conduct of Defendant Cognizant constitutes an actual, planned, and/or inevitable misappropriation and misuse of Kuvedina's confidential, trade secret information, without authorization, in violation of New Jersey and Illinois law.

51. As a consequence of the foregoing, Kuvedina has suffered and will continue to suffer irreparable harm and loss.

### THIRD CAUSE OF ACTION

**TORTIOUS INTERFERENCE WITH ACTUAL AND PROSPECTIVE BUSINESS RELATIONS**
**(AGAINST ALL DEFENDANTS)**

52. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

53. A valid business relationship, valid business expectancy, and/or employment relationship existed between Plaintiff and Defendants.

54. Defendants had knowledge of the valid business relationship, valid business expectancy, and/or employment relationship that existed between Plaintiff and Defendants.

55. Defendants acted to intentionally inhibit the valid business relationship, valid business expectancy, and/or employment relationship between Plaintiff and Cognizant and other clients of Plaintiff through its breach of contract, fraudulent misrepresentations, and unauthorized

disclosures and misappropriation of Kuvedina's confidential, proprietary, and/or trade secret information.

56. Defendants acted with an improper motive and lack of justification.

57. Defendants acted with actual malice.

58. As a result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

59. Defendants' actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to punitive damages.

60. Defendants' actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to its reasonable attorney's fees incurred in pursuing this action.

## FOURTH CAUSE OF ACTION

### INTERFERENCE WITH CONTRACTUAL RELATIONS
### (AGAINST DEFENDANT KASHYAP)

61. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

62. Defendant Kashyap has knowingly, intentionally, and improperly sought to interfere with the performance of the contractual obligations owed by Cognizant to Kuvedina.

63. Kashyap's conduct has been undertaken intentionally, with knowledge of and with intentional or reckless disregard for, Kuvedina's rights and by the knowing use of improper means.

64. Kashyap's actions have been and are being taken deliberately and without privilege or justification.

65. As a consequence of the foregoing, Kuvedina has suffered and will continue to suffer

significant harm and loss.

## FIFTH CAUSE OF ACTION

### FRAUD
### (AGAINST DEFENDANT KASHYAP)

66. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

67. As more fully set forth above, Defendant Kashyap made certain representations that Kuvedina needed to deposit money to Cognizant through Crystalsoft for "performance collateral" and to satisfy its obligations under the Agency Agreement.

68. Kashyap represented that Crystalsoft, Inc. was an affiliate of Cognizant.

69. The representations of Kashyap were false.

70. Kashyap knew the statements were false.

71. Kashyap made these statements to induce Kuvedina into depositing $125,765.00 into his business account, Crystalsoft, Inc., for personal gain.

72. Kuvedina deposited $125,765.00 into Crystalsoft, Inc.'s business account.

73. In so acting, Kuvedina reasonably believed Kashyap's statements to be true, and did not know the statements were false.

74. At the time of the misrepresentations detailed herein and concealment of the undisclosed facts, Kuvedina was ignorant of the falsity of Kashyap's representations and the existence of the undisclosed facts. Kuvedina actually, reasonably and justifiably relied to its detriment on these representations.

75. As a direct and proximate result of Defendant Kashyap's fraud, Plaintiff has sustained damage in excess of $50,000.00.

## SIXTH CAUSE OF ACTION

### FRAUDULENT MISREPRESENTATION
### (AGAINST DEFENDANT KASHYAP)

76. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

77. Defendant Kashyap knowingly and fraudulently induced Kuvedina into depositing $125,765.00 with Crystalsoft, Inc. and/or failing to disclose material facts, despite having a duty to do so, such that the Defendants' representations were false representations.

78. Kashyap knew at the time he made those representations that they were factually false.

79. Kuvedina relied to its detriment upon Kashyap's misrepresentations.

80. At all times, Kashyap knew that Kuvedina was reasonably relying upon his representations and/or omissions of material facts.

81. As a result of Kashyap's actions, Kuvedina has been, and continues to be, damaged.

82. Accordingly, Kuvedina is entitled to an award of compensatory damages in an amount to be determined at trial.

83. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled punitive damages in an amount to be determined at trial.

84. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled to its attorneys' fees incurred in pursuing this cause of action.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
### (AGAINST DEFENDANT KASHYAP)

85. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

86. At all times relevant to this Complaint, Kashyap owed a duty of care to Kuvedina to

obtain and communicate accurate information to Kuvedina in order to assist with the Agency Agreement between Kuvedina and Cognizant.

87. As set forth above, Kashyap made false representations that he knew, or should have known, were incorrect.

88. The information supplied in the representations was known by Kashyap to be desired by Kuvedina for a serious purpose.

89. Kuvedina intended to rely and act upon the information and representations supplied.

90. Kuvedina reasonably relied upon those representations and the information to its detriment.

91. As a result Kashyap's actions, Kuvedina has been, and continues to be, damaged.

92. Accordingly, Kuvedina is entitled to an award of compensatory damages in an amount to be determined at the trial.

93. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled punitive damages in an amount to be determined at trial.

94. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled to its attorneys' fees incurred in pursuing this cause of action.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION
### (AGAINST DEFENDANT COGNIZANT)

95. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

96. Defendant Cognizant owed Plaintiff a duty to exercise ordinary care in hiring, retaining, and supervising employees and/or agents working at Cognizant.

97. Defendant Cognizant breached that duty of care when it directly, and/or through its agents and/or employees, failed to exercise ordinary care in hiring, retaining, and/or supervising its agents and/or employees, including but not limited to Kashyap, who fraudulently induced Plaintiff into paying money to an entity unaffiliated and unrelated to Cognizant.

98. Defendant Cognizant's breach(es), directly and/or through its agents and/or employees proximately caused, and continues to proximately cause, damages to Plaintiff in the amount to be determined at trial.

99. Defendant Cognizant's actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to punitive damages.

100. Defendant Cognizant's actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to its reasonable attorney's fees incurred in pursuing this action.

## NINTH CAUSE OF ACTION

### NEGLIGENCE
### (AGAINST DEFENDANT COGNIZANT)

94. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

95. It was the duty of the Cognizant to use due care in keeping confidential Plaintiff's billing practices and other trade secret and confidential information.

96. Upon information and belief, Cognizant breached that duty of care by releasing Plaintiff's billing information to third parties and/or employees of Kuvedina.

97. Cognizant's acts and omissions constitute negligence, gross negligence, and/or malice.

98. As a direct and proximate result of the negligence of Cognizant, Plaintiff was damaged in an amount to be determined at trial.

99. All of the above damages were directly and proximately caused by the aforementioned negligence of Cognizant and were not incurred by contributory negligence on the part of Plaintiff.

100. As a direct and proximate result of Cognizant's conduct, Plaintiff may be compelled to incur additional damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### CONVERSION
### (AGAINST ALL DEFENDANTS)

101. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

102. Defendants intentionally and wrongfully obtained and kept without permission, Plaintiff's money.

103. Defendants knew, or should have known, that they had no right to possess or keep Plaintiff's money.  Nevertheless, in conscious disregard of Plaintiff's legal rights and property interests (and despite Plaintiff's repeated requests for a return of the money), Defendants chose to obtain, keep, and use Plaintiff's money for their own financial benefit.

104. At all relevant times Defendants acted with malice and conscious disregard of Plaintiff's legal rights and property interests.  By wrongfully holding on to Plaintiff's property, Defendants converted Plaintiff's property.

105. Defendants' refusal to return the money constitutes an intentional interference with Plaintiff's ownership rights in that property, which deprived Plaintiff of its right to possess that property.

106. Defendants' actions have damages, and continue to damage, Plaintiff.

107. Accordingly, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at the trial.

108. In light of the malicious, intentional and/or willful nature of Defendants' actions, Plaintiff is also entitled punitive damages in an amount to be determined at trial.

109. In light of the malicious, intentional and/or willful nature of Defendants' actions, Plaintiff is also entitled to its attorneys' fees incurred in pursuing this cause of action.

## ELEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

110. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

111. Defendants have been unjustly enriched at the expense of Plaintiff by unlawfully withholding and untimely paying monies owed to Plaintiff as set forth above.

112. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands that this Honorable Court order relief as follows:

1. Compensatory damages in an amount exceeding $4,000,000.00;

2. Punitive damages in the amount to be determined at trial;

3. Reasonable attorney's fees and costs of this action;

4. Pre-judgment and post-judgment interest on any damages awarded;

5. All other relief that this Court deems justified.

Dated: April 17, 2012               Respectfully submitted,


                                    /s/ Avonte D. Campinha-Bacote
                                    Avonte D. Campinha-Bacote (0085845)
                                    CAMPINHA BACOTE LLC
                                    341 S. Third St., Suite 200
                                    Columbus, Ohio  43215
                                    (614) 453-4276
                                    (614) 228-0520 (FAX)
                                    Avonte@cambaclaw.com

                                    *Attorney for Plaintiff*, Kuvedina LLC