THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KUVEDINA, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS, *ET AL.*, <br>    Defendants. | Case No. 2:12-cv-342 <br><br> District Judge Watson <br><br> Magistrate Judge Kemp |

**MOTION TO DISMISS
OF DEFENDANTS
MAHESH KASHYAP AND CRYSTALSOFT INC.**

Defendants Mahesh Kashyap and Crystalsoft Inc. request that the Court dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**MEMORANDUM IN SUPPORT**

**Facts**

Because this is a motion to dismiss under Rule 12(b), the Court accepts as true the case-specific facts alleged in Plaintiff's complaint (R. 1) but gives no credence to the complaint's conclusory allegations or formulaic recitations of the elements of causes of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).

<u>Argument</u>

**I.  This Court should dismiss Plaintiff's complaint for failure to allege facts demonstrating personal jurisdiction.**

Mr. Kashyap and Crystalsoft join in the motion to dismiss filed by Defendant Cognizant Technology Solutions (Part I).  Plaintiff's complaint fails to allege facts demonstrating personal jurisdiction over any of the three defendants.

**II.  In the alternative, this Court should dismiss Plaintiff's claims against Mr. Kashyap and Crystalsoft for failure to state a claim upon which relief can be granted.**

  **A.  Plaintiff's allegations against Mr. Kashyap and Crystalsoft are too vague to state a plausible claim for relief.**

To survive a motion to dismiss, a complaint must do more than describe a possibility that the defendant might be liable to the plaintiff.  A complaint must describe facts from which the court could draw a ***reasonable*** inference that the defendant is liable to the plaintiff:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

> To survive a motion to dismiss, a complaint must contain ***sufficient factual matter***, accepted as true, to state a claim to relief that is ***plausible on its face***.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the ***reasonable inference*** that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for ***more than a sheer possibility*** that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> . . . .

> . . . .  [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer ***more than the mere possibility*** of

misconduct, the complaint has alleged—but it has not shown—that the pleader
is entitled to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (emphasis added) (quotation marks, brackets, and
citations omitted).

The allegations upon which Plaintiff relies for its claims against Mr. Kashyap and Crys-
talsoft are at Paragraphs 22-34 of Plaintiff's complaint (R. 1). Those allegations do not state a
plausible claim; they defy logic.

1. Plaintiff alleges that Crystalsoft existed "to help facilitate payments to [Plaintiff] un-
der the Agency Agreement because of Cognizant's cash flow problems." (Complaint ¶ 26.) The
reader is left to wonder

- what "facilitating payments" means,

- what it means to "help" facilitate payments, and

- how or why Plaintiff's depositing money with an agent of Cognizant could
  "help facilitate" Cognizant's paying Plaintiff.

2. Plaintiff alleges that "Kashyap supported these statements with documentation to
[Plaintiff's] Mr. Baddi." (Complaint ¶ 26.) Yet Plaintiff fails to identify this alleged documenta-
tion, much less attach any of it to the complaint.

3. Plaintiff alleges:

Kashyap also stated that in order for Cognizant to continue paying [Plaintiff]
under the Agency Agreement, Cognizant was requesting that $125,765.00 be
paid as "performance collateral" to Crystalsoft, Inc. This amount was to be to
be [*sic*] returned to [Plaintiff] after completion of certain job duties under the
Agency Agreement and Purchase Order."

(Complaint ¶ 27.) The Agency Agreement, however, contained an integration provision warran-
tying that the entire agreement was set forth in that document:

This Agreement, together with any schedules and exhibits attached hereto and
made a part hereof, constitutes the entire agreement between the parties as to
the subject matter hereof, and shall supersede all prior understandings, letters,
agreements, contracts and other documents. This Agreement may not be

3

amended except by an instrument in writing signed on behalf of the parties hereto.

(Complaint Exh. A (Agency Agreement) ¶ 19 (R. 1-1).)  The Agency Agreement contains no reference to "performance collateral" and contains no reference to either Mr. Kashyap or Crystalsoft.  Plaintiff's complaint fails to identify

- what "performance collateral" means,

- why Plaintiff would pay a "performance collateral" not mentioned in the integrated Agency Agreement,

- how "performance collateral" could possibly help facilitate Cognizant's paying Plaintiff,

- what "job duties" Plaintiff was supposedly required to complete to recover the money,

- how it could be that a company of Cognizant's success could have "cash flow problems" that would be materially affected by a temporary $125,765 deposit,[1]

- why Plaintiff acceded to this "request" for $125,765,

- why Plaintiff would pay "performance collateral" to any entity other than Cognizant, the other party to the Agency Agreement, or

- why Plaintiff thought any of this supposed "payment facilitation" request made any sense.

As for the "Purchase Order" cited in Complaint ¶ 27, the complaint fails to identify such a document, and the term "Purchase Order" does not appear anywhere else in the complaint.  (The Agency Agreement, at Paragraph 3, refers to a model purchase order; but no purchase order (model or operative) is attached to the complaint.)

4.  Plaintiff fails to identify why the amount of the supposed "collateral" was the seemingly arbitrary figure $125,765.

---

[1] Cognizant is No. 398 on *Fortune* magazine's current list of the 500 largest American companies, with 2011 revenue of $6.1 billion and profits of $290 million.  The prior year, Cognizant was No. 484 on the Fortune 500 list, with 2010 revenue of $4.6 billion and profits of $733 million.  http://money.cnn.com/magazines/fortune/fortune500.

5.  Plaintiff fails to identify why, if the $125,765 was "collateral," Plaintiff paid that sum over the six months from June through November 2010 (Complaint ¶ 29), despite the fact that during that same period, Cognizant paid Plaintiff $428,161 under the Agency Agreement (*see* Complaint Exh. B (R. 1-2)[2]).

A complaint must describe facts from which a court could draw a ***reasonable*** inference that the defendant is liable to the plaintiff.  Plaintiff's complaint fails this test.

**B.  Count 3 (Tortious Interference).**

Plaintiff's Count 3 (¶¶ 52-60) accuses all three defendants of "tortious interference with actual and prospective business relations."

Mr. Kashyap and Crystalsoft join the argument of Cognizant's motion to dismiss (Part III-C).  Plaintiff's complaint

- fails to identify any other business relationship Plaintiff had,

- fails to allege that any Defendant was aware of any such relationship,

- fails to identify any breach or termination of any such relationship,

- fails to identify how the conduct of any Defendant caused any breach or termination of any such relationship, and

- fails to identify the nature or amount of any injury or damages.

**C.  Count 4 (Interference with Contractual Relationships).**

Plaintiff's Count 4 (¶¶ 61-65) alleges that Mr. Kashyap "improperly sought to interfere with the performance of the contractual obligations owed by Cognizant to [Plaintiff]."  (Complaint ¶ 62.)

---

[2] Complaint Exhibit B shows Cognizant having paid Plaintiff $428,161 between June and November 2010, after having paid Plaintiff $30,560 on April 28, 2010.

Count 4 is a redundant, partial reiteration of Count 3.  While Count 3 is a blunderbuss allegation of tortious interference, Count 4 alleges that Mr. Kashyap interfered with Plaintiff's relationship with Cognizant.  Count 4 fails just as Count 3 fails.

Moreover, Plaintiff does not – not even in conclusory fashion – allege actual interference. Plaintiff alleges only that Mr. Kashyap "sought to interfere" (Complaint ¶ 62).

Moreover, according to Plaintiff (Complaint ¶¶ 22-34), all of Mr. Kashyap's wrongdoing was committed while he "was a full time employee at Cognizant" (Complaint ¶ 22), "[p]ursuant to the Agency Agreement [between Cognizant and Plaintiff]" (Complaint ¶ 23), "[d]uring the course of the agency relationship [between Cognizant and Plaintiff]" (Complaint ¶ 26).  In other words, Plaintiff is again alleging that Cognizant, through Mr. Kashyap, interfered with Plaintiff's relationship ***with Cognizant*** – which does not state any type of claim for business interference.

**D.  Count 5 (Fraud).**

Plaintiff's Count 5 (¶¶ 66-75) alleges that Mr. Kashyap committed fraud by the conduct described in paragraphs 22 through 34 of the complaint.  The complaint fails to state a claim for fraud for three reasons.

*First:* the complaint fails to meet the generally applicable threshold for plausible pleading.  (*See* Part II-A above.)

*Second:* the complaint fails to meet the heightened pleading standard for fraud.  Rule 9(b) of the Federal Rules of Civil Procedure provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  This Court has stated:

> This requirement may be satisfied in two ways: (1) a plaintiff can plead the who, what, when, where and how: the first paragraph of any newspaper story; or (2) a plaintiff can satisfy the requirement through alternative means of injecting precision and some measure of substantiation into their allegations of fraud. . . . .  Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.

**6**

*In re Cardinal Health, Inc. Securities Litigations*, 426 F. Supp. 2d 688, 742 (S.D. Ohio 2006) (quotations marks and citations omitted).  "To satisfy this rule, a plaintiff must at a minimum allege the time, place and content of the misrepresentation upon which they relied . . . ."  *Thomas v. Deutsche Bank National Trust Co.*, No. 2:11-cv-866, 2012 U.S. Dist. LEXIS 70148, *20 (S.D. Ohio May 21, 2012) (brackets and ellipsis omitted).  *Accord Sharpe v. PHH Mortgage Corp.*, No. 2:11-cv-926, 2012 U.S. Dist. LEXIS 68921, *8 (S.D. Ohio May 17, 2012) (citing *Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993)).  *See* Fed. R. Civ. P. 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading.").

Plaintiff's complaint fails this test.  It does not identify the time or place of any alleged misrepresentation.  (The complaint alleges a meeting in an unspecified location in Mason, Ohio but does not allege that any misrepresentation occurred at that meeting.  In any event, the complaint does not allege the time of that meeting or the specific location.)

Nor does the complaint purport to recite the alleged misrepresentation.  Instead, the complaint makes the inscrutable assertion that Mr. Kashyap stated "that ***in order for Cognizant to continue paying*** [Plaintiff] under the Agency Agreement, Cognizant was ***requesting*** that $125,765.00 be paid as '***performance collateral***' to Crystalsoft, Inc. . . . to be returned to [Plaintiff] after completion of ***certain job duties*** under the Agency Agreement and Purchase Order." (Complaint ¶ 27 (emphasis added).)

*Third:* the complaint alleges "damage in excess of $50,000.00" (Complaint ¶ 75) – insufficient to invoke this Court's diversity-of-citizenship subject matter jurisdiction.

### E.  Count 6 (Fraudulent Misrepresentation).

Plaintiff's Count 6 (¶¶ 76-84) reiterates Count 5.  It should be dismissed for the same reasons.

To the extent Plaintiff in Count 6 is trying to plead a claim other than fraud, the heightened pleading standard of Civil Rule 9(b) still applies:

> Rule 9(b) applies to "averments of fraud," not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations. A claim that "sounds in fraud" – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements.

*Borsellino v. Goldman Sachs Group*, 477 F.3d 502, 507 (7th Cir. 2007) (citations omitted). *Accord Ferron v. SubscriberBase Holdings, Inc.,* No. 2:08-CV-760, 2009 U.S. Dist. LEXIS 23583, *15-16 (S.D. Ohio Mar. 11, 2009) (citing *Borsellino* and applying Rule 9(b) to a spoliation claim).

### F.  Count 7 (Negligent Misrepresentation).

Plaintiff's Count 7 (¶¶ 85-94) is titled "Negligent Misrepresentation." But the complaint does not describe any negligence. Plaintiff alleges only intentional conduct: that Mr. Kashyap "knew, or should have known," that his "false representations . . . were incorrect" (Complaint ¶ 87), and that Mr. Kashyap's actions were "malicious, intentional and/or willful" (Complaint ¶¶ 93-94). Indeed, there is nothing in Plaintiff's allegations against Mr. Kashyap and Cognizant that even admit of negligence. The allegations are exclusively in the nature of fraud. Thus, Count 7 merely reiterates Counts 5 and 6. It should be dismissed for the same reasons.

### G.  Count 10 (Conversion) and Count 11 (Unjust Enrichment).

Plaintiff's Count 10 (¶¶ 101-109) and Count 11 (¶¶ 110-112) essentially allege that the purported fraud described in Count 5 (including Paragraphs 22 through 34) also constituted conversion and unjust enrichment.

Mr. Kashyap and Crystalsoft join the argument of Cognizant's motion to dismiss (Part III-F, ¶ 2; Part III-G).  Plus, the complaint fails to meet the generally applicable threshold for plausible pleading.  (*See* Part II-A above.)

### Conclusion

This Court should dismiss Plaintiff's complaint.

Respectfully submitted,

/s/ *Paul Giorgianni*
Paul Giorgianni  (0064806) (Trial Attorney)
Giorgianni Law LLC
1538 Arlington Avenue
Columbus, Ohio 43212-2710
Phone: 614-205-5550
Fax: 614-481-8242
E-mail: Paul@GiorgianniLaw.com
*Attorney for Defendants*
*Mahesh Kashyap and Crystalsoft Inc.*

### CERTIFICATE OF SERVICE

On July 2, 2012, I electronically filed this document through the clerk of court's CM/ECF system, which will send notice of such filing to Avonte D. Campinha-Bacote, counsel for Plaintiff.

/s/ *Paul Giorgianni*