UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KUVEDINA, LLC | : | **Case No.: 12-cv-00342** |
| Plaintiff, | | District Judge Watson |
| -vs- | : | Magistrate Judge Kemp |
| | : | **AMENDED COMPLAINT** |
| COGNIZANT TECHNOLOGY SOLUTIONS US CORPORATION, | | |
| and | : | |
| CRYSTALSOFT, INC | : | |
| and | | |
| MAHESH KASHYAP, individually and as an agent of Cognizant Technology Solutions, and of Crystalsoft, Inc., | : | |
| Defendants. | : | |

### NATURE OF THE ACTION

1. This is a civil action to hold Defendant Cognizant Technology Solutions US Corporation responsible for breaching a contract (formally titled "Agency Agreement") with Kuvedina, LLC; and for negligently hiring, retaining, and/or supervising Defendant Mahesh Kashyap, who fraudulently misrepresented facts about its business. This action also seeks to hold Mahesh Kashyap responsible for fraudulently inducing Kuvedina, LLC, while acting in his capacity as an agent of Cognizant Technology Solutions US Corporation, and as an agent of

1

Crystalsoft, Inc., to deposit money into Crystalsoft, Inc. This action also seeks to hold Crystalsoft, Inc. and Cognizant Technology Solutions US Corporation vicariously liable for Mahesh Kashyap wrongfully procuring and retaining Plaintiff Kuvedina's funds. Kuvedina, LLC, as a result of Defendants' actions, has been, and continues to be, substantially harmed and now brings this lawsuit for claims arising under New Jersey law.

## THE PARTIES

2. Plaintiff Kuvedina, LLC ("Kuvedina") is a domestic limited liability company organized under the laws of Illinois, with its principle place of business in Champaign, Illinois.

3. Defendant Cognizant Technology Solutions US Corporation ("Cognizant") is a for-profit corporation organized and existing under the laws of the state of Delaware, with its principle place of business at 500 Frank W. Burr Boulevard, Teaneck, New Jersey 07666.

4. Upon information and belief, Defendant Crystalsoft, Inc. ("Crystalsoft") is a for-profit corporation organized and existing under the laws of the state of Texas, with its principle place of business at 1272 Tioga Dr., Irving, Texas 75063.

5. Upon information and belief, Defendant Mahesh Kashyap ("Kashyap") is an individual and a resident of the State of Texas, and at all relevant times was an officer and agent of Defendant Crystalsoft, as well as an officer and agent of Defendant Cognizant.

6. Upon information and belief, Defendant Kashyap held Crystalsoft out as an affiliate of Cognizant.

## JURISDICTION

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this controversy is between citizens of different states.

8. This Court has personal jurisdiction over Defendants Cognizant, and Kashyap, an agent of Cognizant, under Ohio's long arm statute, R.C. § 2307.382(A), and consistent with the Due

2

Process Clause of the 14th Amendment to the U.S. Constitution, as a substantial portion of the contract was performed in Ohio, including, but not limited to, technology consultation project management, consultation services, and project meetings. Further, Cognizant's breach of contract arose out of business transactions occurring in the course of that performance, including, but not limited to, unreasonably late payments of Plaintiff's invoices.

9. This Court has personal jurisdiction over Defendant Crystalsoft under R.C. § 2307.382(A) and consistent with the Due Process Clause of the 14th Amendment to the U.S. Constitution, as Defendant Kashyap is also an officer of Crystalsoft, and in the course of business transactions that occurred in Ohio as part of the contract between Plaintiff and Cognizant, including those mentioned in paragraph 7 *supra*, Kashyap made fraudulent misrepresentations leading to improper monetary disbursements from Plaintiff to Crystalsoft. Further, the misrepresentation physically occurred in Mason, Ohio, on or about March 2010. Thus, Crystalsoft's unlawful procurement and retention of Plaintiff's funds via its agent Kashyap arose from an actual occurrence in Ohio, and was also directly related to performance of the contract at WellPoint, Inc., an Ohio-based client of Cognizant in Mason, Ohio.

10. Exercising personal jurisdiction over all three Defendants would not offend traditional notions of fair play and substantial justice, because having contracted to receive Ohio-based performance (in the case of Cognizant and Kashyap), or engaging in fraudulent activity in Ohio, and directly tied to Ohio-based performance of the contract (in the case of Crystalsoft and Kashyap), Defendants should have reasonably foreseen the possibility of being haled into an Ohio court. Therefore, it would be fair and reasonable to require all three Defendants to answer for their actions in an Ohio court.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district. A substantial portion of the contract at issue was performed in or around Mason, Ohio, which is within this Court's jurisdiction.

## STATEMENT OF FACTS
### Breach of Contract by Cognizant

12. Kuvedina is a consulting firm that is in the business of providing consultants with computer programming, project management and analysis skills for assignments with clients as well as providing similar services to businesses throughout the United States.

13. On or about February 18, 2010, Cognizant entered into a contract with Kuvedina to provide consultants to assist in the creation of work and staffing of consultants for Cognizant's client, WellPoint, Inc. The client, WellPoint, conducted business in around Mason, Ohio, and Kuvedina's consultants conducted a substantial portion of the contract in or around Mason, Ohio. The details of the agreement are more fully set forth in the Agency Agreement. *See* Aff. of Anil Baddi, ¶ 2; Exs. A, C, D.

14. Pursuant to the Agency Agreement, Kuvedina was to regularly submit to Cognizant monthly invoices for the work that its consultants performed. *See* Ex. A.

15. Upon receiving an invoice, Cognizant was obligated to make payment to Kuvedina within thirty (30) days. *See* Ex. A, ¶ 4(b).

16. Kuvedina regularly submitted invoices to Cognizant in a timely and proper manner.

17. During the course of Kuvedina's agency relationship with Cognizant, Cognizant committed several material breaches of the Agency Agreement by failing to make payment within a reasonable time.

4

18. The following invoices were not paid within thirty (30) days after the last of the month, in breach of the Agency Agreement: Invoice Nos. 1, 4-10, 25-30, 35, 36, 38, and 40. *See* Ex. B.

19. Invoice No. 5 was never paid.

20. Invoice No. 30 was not paid until Plaintiff's counsel notified Cognizant of its intent to file a lawsuit. On August 26, 2011, Cognizant acknowledged that it had never submitted payment to Kuvedina for Invoice No. 30. Joelle Quilla, Vice President and General Counsel for Cognizant sent this acknowledgment via email. *See* Def's Ex. 1, p. 4.

21. Kuvedina informed Cognizant on numerous occasions that payment of the invoices was untimely and unreasonably late, and that under the terms of the contract, by accepting late payments Kuvedina did not thereby waive its right to payment within a reasonable time for subsequent invoices. *See* Ex. A, ¶ 19; Aff. of Anil Baddi, ¶ 3.

22. As a result of these late payments, Kuvedina was unable to pay its consultants in a timely fashion, further resulting in several consultants leaving Kuvedina. *See* Aff. of Anil Baddi ¶ 4.

23. As a direct and proximate result of Cognizant's late payments, which in turn caused Kuvedina's employees to leave, Kuvedina has suffered and continues to suffer damage to its business.

24. Cognizant also had a duty to keep confidential certain proprietary and trade secret information of Kuvedina that had been communicated in confidence to Cognizant. *See* Aff. of Anil Baddi ¶ 6.

25. During the course of the Agency Agreement, Cognizant caused sensitive information about Kuvedina's business practices and billing rates to be released to one or more third parties and/or independent contractors. The full extent and effect of this unlawful disclosure will be more fully developed during discovery.

26. As a direct and proximate result of these unauthorized disclosures, Kuvedina suffered and continues to suffer damages, including but not limited to loss of revenue and loss of its consultants.

### **Fraudulent Misrepresentation by Mahesh Kashyap and/or Crystalsoft, Inc.**

27. Upon information and belief, Mahesh Kashyap is or was a full time employee at Cognizant and holds the title of Senior Program Manager.

28. Pursuant to the Agency Agreement, Kashyap met with Anil Baddi, an agent of Kuvedina, in Mason, Ohio, to discuss several issues relating to the Agency Agreement between Kuvedina and Cognizant. *See* Aff. of Anil Baddi, ¶ 8.

29. Kashyap was Cognizant's primary point of contact that was responsible for interviewing, hiring, and overseeing the work of Kuvedina for its client, WellPoint.

30. Kashyap, on behalf of Cognizant, frequently solicited the services of Kuvedina to provide consultants to assist with assignments for Cognizant's client, WellPoint.

31. During the course of the agency relationship, Kashyap represented to Mr. Baddi that a company by the name of Crystalsoft, Inc. was an affiliate of Cognizant. Kashyap initiated the conversation by revealing that he was an agent of both Cognizant and Crystalsoft. It was explained that the purpose of this affiliate company was to help facilitate payments to Kuvedina, as well as ensure performance by Kuvedina. Kashyap supported these statements by initiating a transfer of funds on numerous occasions into Kuvedina's business account from Crystalsoft's business account. Kashyap has in fact transferred funds for this purpose. *See* Ex. D, pp. 4-8; Aff. of Anil Baddi ¶ 7.

32. On numerous occasions, between March 2010 and December 2010, Kashyap, as an agent of Cognizant, discussed with Mr. Baddi, an agent of Kuvedina, that in order for Cognizant to continue allowing Kuvedina to render services under the Agency Agreement, a "performance collateral" for Pre-sales, Marketing, and reconciliation amount would be collected via Crystalsoft. This collateral amount was to be returned to Kuvedina after completion of job duties under the Agency Agreement and Purchase Order. During this

6

same period of time, Kashyap has collected over $125,000 from Kuvedina's business account, on behalf of Cognizant through Crystalsoft. *See* Aff. of Anil Baddi, ¶ 8,9; Ex. D, pp. 4-8.

33. Kuvedina was instructed by Kashyap to make this amount payable to Crystalsoft, Inc., which he again represented to be an affiliate and subsidiary of Cognizant. *Id.*

34. Crystalsoft is not, nor was it ever, an affiliate or subsidiary of Cognizant. *See* Exs. E, F (corporate disclosure statements for Cognizant and Crystalsoft).

35. Between the months of June 2010 and November 2010, Kuvedina was induced into paying Crystalsoft, Inc. $125,765.00. *See* Ex. D, pp. 4-10.

36. Kuvedina has never been paid back for the $125,765.00 conveyed to Crystalsoft, and said amount was never intended, expressed, or implied to be a gift or loan to Crystalsoft or Kashyap.

37. Kashyap was an officer and agent of Crystalsoft at all relevant times, as well as a senior manager and agent of Cognizant at all relevant times.

38. Kashyap failed to disclose the true nature of Crystalsoft, Inc., to Kuvedina.

39. Upon information and belief, Cognizant was aware or should have been aware of these fraudulent transactions and the existence of Crystalsoft, Inc., and failed to prevent, stop, or mitigate the effects to Kuvedina of Kashyap fraudulently obtaining money from Kuvedina.

40. As a direct and proximate result of Kashyap's fraudulent misrepresentations, Kuvedina has suffered and continues to suffer damages.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
## (AGAINST DEFENDANT COGNIZANT)

41. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

7

42. A written contract ("Agency Agreement") was entered into between Plaintiff and Defendant Cognizant. *See* Ex. A.

43. Under the Agency Agreement, Cognizant was obligated to submit payment for invoices to Plaintiff within thirty (30) days after the last day of the month. *See* Ex. A, ¶ 4(b).

44. Plaintiff performed all of the conditions, covenants, and promises required by it under the terms and conditions of the Agency Agreement.

45. Defendant Cognizant materially breached its contract with Plaintiff by failing to pay invoices and/or failing to pay invoices within a reasonable time.

46. As a direct and proximate cause of Defendant Cognizant's actions, Plaintiff has suffered damages and continues to suffer damages, irrespective of whether the late payments constituted material or nonmaterial breaches of the contract.

47. As a result of Cognizant's actions, Plaintiff has been damaged in an amount to be determined at trial, plus prejudgment and post-judgment interest, costs, and attorney's fees.

## SECOND CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS
## (AGAINST DEFENDANT COGNIZANT)

48. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

49. The books and records of Kuvedina and the confidential customer and consultant list and account information contained therein, including the identity of Kuvedina consultants, their names and addresses, agents and account managers, business and financial dealings, the transactions in their Kuvedina accounts, purchase requirements, purchasing history and patterns, servicing terms and conditions, lease agreement lengths, expirations, and terms, equipment configurations, customer plans, preferences, and communicated needs,

8

interconnectivity opportunities, profitability considerations, documentation of Kuvedina's strengths and weaknesses with its customers, and other business and financial information concerning Kuvedina's consultants, products, prices, pricing schedules, profitability considerations, marketing strategies, leasing terms, vendors, costs, training techniques, distribution and delivery systems, and/or other market considerations, constitute trade secrets subject to protection under the Uniform Trade Secrets Act, as adopted by Ohio, R.C. §§ 1333.61 *et seq.*; as adopted by Illinois, Ill. Rev. Stat. 1987, ch. 140, par. 351 *et seq*,; and as recently adopted by New Jersey, 2010 N.J. A.N. 921.

50. The aforementioned trade secrets were not generally known outside Kuvedina, nor were they generally known among employees at Kuvedina.

51. Maintaining the confidentiality of the aforementioned trade secrets was economically beneficial and advantageous to Kuvedina.

52. Kuvedina took reasonable precautions to guard the secrecy of the aforementioned trade secrets and to prevent dissemination, including but not limited to communicating to Cognizant its desire to keep such information confidential and private, and the importance of doing so.

53. Kuvedina communicated the aforementioned trade secrets to Cognizant in confidence.

54. Defendant Cognizant knew or had reason to know that it acquired part or all of this information under circumstances wherein it owed a duty to Kuvedina to maintain the secrecy of this information and/or to limit its use. Defendant Cognizant likewise knew or should have known of its duties to Kuvedina and acted with knowledge to allow, condone, support and otherwise acted in concert with its agents and/or clients to engage in the conduct described herein.

55. Cognizant improperly, deliberately, willfully and/or maliciously misappropriated trade secret and confidential information to itself and/or third parties.

9

56. Upon information and belief, Cognizant knew and retained, at all relevant times, the above-described information obtained from Kuvedina; has condoned, permitted, supported, assisted and/or otherwise acted in concert with others to misappropriate, retain, use, maintain, profit from, seek advantage, seek economic gain and otherwise capitalize upon Kuvedina's confidential and trade secret information and/or permit others to seek economic gain and otherwise capitalize upon Kuvedina's confidential and trade secret information; and has long been on notice of, and failed to honor, Kuvedina's claims and demands with respect to remediating and compensating Kuvedina for the improper use, conversion and misappropriation of Kuvedina's information and property and solicitation of Kuvedina's consultants by improper means.

57. Upon information and belief, one or more competitors have used this information to the economic detriment of Kuvedina. Specifically, upon information and belief, there are individuals who are using Kuvedina's trade secrets to outbid and undercut its rates.

58. The foregoing conduct of Defendant Cognizant constitutes an actual misappropriation and misuse of Kuvedina's confidential trade secret information, without authorization, in violation of Ohio, Illinois, and New Jersey statutory law.

59. As a direct and proximate consequence of the foregoing, Kuvedina has suffered and will continue to suffer irreparable harm and loss, the true extent of which will be more fully developed at trial.

**THIRD CAUSE OF ACTION**
**TORTIOUS INTERFERENCE**
**WITH ACTUAL AND PROSPECTIVE BUSINESS RELATIONS**
**(AGAINST DEFENDANTS KASHYAP AND CRYSTALSOFT)**

60. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

61. A valid business relationship, valid business expectancy, and/or employment relationship existed between Plaintiff and Cognizant.

62. Crystalsoft, acting through Kashyap as its agent, and Kashyap himself, had knowledge of the valid business relationship, valid business expectancy, and/or employment relationship that existed between Plaintiff and Cognizant.

63. Kashyap's intentional act of fraudulent misrepresentation, which led to an unlawful procurement and retention of Plaintiff's funds, actually inhibited the valid business relationship, valid business expectancy, and/or employment relationship between Plaintiff and Cognizant.

64. Crystalsoft and Kashyap acted with actual malice.

65. As a result of Crystalsoft and Kashyap's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

66. Crystalsoft and Kashyap's actions demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to punitive damages.

67. Crystalsoft and Kashyap's actions demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to its reasonable attorney's fees incurred in pursuing this action.

## FOURTH CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION
### (AGAINST DEFENDANT KASHYAP DIRECTLY, AND DEFENDANTS COGNIZANT AND CRYSTALSOFT VICARIOUSLY)

68. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

11

69. At all relevant times, in or around Mason, Ohio, while employed by, and engaged in performance of the contract on behalf of, Cognizant, and while employed by or while acting as agent of Crystalsoft, Kashyap represented to Kuvedina that Kuvedina needed to deposit money to Cognizant through Crystalsoft for "performance collateral" in order to satisfy its obligations under the Agency Agreement.

70. Kashyap represented that Crystalsoft, Inc. was an affiliate of Cognizant.

71. The representations of Kashyap were false, and Kashyap knew or should have known they were false.

72. Upon information and belief, Kashyap made these statements with intent to induce Kuvedina into depositing $125,765.00 into his business account, Crystalsoft, Inc., for the benefit of Cognizant, Crystalsoft, and himself.

73. Kuvedina was induced into depositing $125,765.00 into Crystalsoft, Inc.'s business account over the course of several months.

74. Kashyap knew or should have known that Kuvedina was relying on his false representations.

75. At the time of the misrepresentations detailed herein, Kuvedina was ignorant of the falsity of Kashyap's representations. In acting to deposit its money into Crystalsoft's account at the direction of Kashyap, Kuvedina actually, reasonably and justifiably relied to its detriment on these representations.

76. As a direct and proximate result of Kashyap's fraud, Plaintiff has sustained damage in excess of $50,000.00.

77. Kashyap's fraudulent misrepresentations to Plaintiff were made within his scope of employment and/or agency with Crystalsoft, as the payments were made directly to

Crystalsoft, and for the benefit of Crystalsoft. Even if he was not acting within the scope of his agency with Crystalsoft, the existence of Kashyap's agency relationship with that company aided him in committing his fraudulent act. Therefore, Crystalsoft is vicariously liable for Kashyap's misconduct.

78. Kashyap's fraudulent misrepresentations to Plaintiff were made within the scope of his employment and/or agency with Cognizant, as they were made under the auspices of facilitating performance of the contract between Cognizant and Plaintiff. In the alternative, Kashyap had apparent authority to manage payment transactions on behalf of the company, and the existence of his agency relationship with Cognizant aided him in committing his fraudulent act. Therefore, Cognizant is vicariously liable for Kashyap's misconduct.

79. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled to punitive damages in an amount to be determined at trial.

80. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Kuvedina is also entitled to its attorney's fees incurred in pursuing this cause of action.

## FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION
## (AGAINST DEFENDANT COGNIZANT)

81. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

82. Defendant Cognizant owed Plaintiff a duty to exercise ordinary care in hiring, retaining, and supervising employees and/or agents working at Cognizant.

83. Defendant Cognizant breached that duty of care when it directly, and/or through its agents and/or employees, failed to exercise ordinary care in hiring, retaining, and/or supervising its agents and/or employees, including but not limited to Kashyap, who fraudulently induced Plaintiff into paying money to an entity unaffiliated and unrelated to Cognizant.

13

84. Cognizant knew or should have known about Kashyap's personal fraudulent dealings with Plaintiff and did nothing to prevent, stop, or mitigate damage occurring to Plaintiff as a result of those dealings.

85. Defendant Cognizant's negligence, directly and/or through its agents and/or employees actually and proximately caused, and continues to cause, damages to Plaintiff in an amount to be determined at trial.

86. Defendant Cognizant's actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to punitive damages.

87. Defendant Cognizant's actions, either directly or through its employees or agents, demonstrate malice or aggravated or egregious fraud and Plaintiff is therefore entitled to its reasonable attorney's fees incurred in pursuing this action.

## SIXTH CAUSE OF ACTION
## CONVERSION
## (AGAINST DEFENDANT KASHYAP DIRECTLY, AND DEFENDANTS COGNIZANT AND CRYSTALSOFT VICARIOUSLY)

88. Plaintiff repeats and incorporates by reference all paragraphs set forth above as if fully set forth herein.

89. Kashyap intentionally and fraudulently obtained and kept without permission, Plaintiff's money.

90. Kashyap knew, or should have known, that he had no right to possess or keep Plaintiff's money. Nevertheless, in conscious disregard of Plaintiff's legal rights and property interests (and despite Plaintiff's repeated requests for a return of the money), Kashyap chose to obtain, keep, and use Plaintiff's money for their own financial benefit.

14

91. At all relevant times Kashyap acted with malice and conscious disregard of Plaintiff's legal rights and property interests.

92. Kashyap's refusal to return the money constituted an intentional interference with Plaintiff's ownership rights in that property, which completely deprived Plaintiff of its right to possess and control that property. By wrongfully procuring and retaining Plaintiff's property, Kashyap converted Plaintiff's property.

93. Kashyap's actions have damaged, and continue to damage, Plaintiff.

94. Kashyap's actions to convert Plaintiff's property occurred while he was employed by and/or served as an agent of Cognizant, and were committed within the scope of his agency and/or employment with Cognizant, as they were done under the auspices of facilitating performance of the contract between Cognizant and Kuvedina. Even if Kashyap's actions were not within his scope of employment or actual authority under his agency relationship with Cognizant, there existed apparent authority to so act on behalf of Cognizant and the existence of his agency relationship aided him in committing the conversion. Thus, Cognizant is vicariously liable for Kashyap's tortious conversion of Plaintiff's property.

95. Kashyap's actions to convert Plaintiff's property occurred while he was employed by and/or served as an agent of Crystalsoft, and were committed within the scope of his agency and/or employment with Crystalsoft, as they resulted in direct payment to Crystalsoft's bank account, and were for the benefit of Kashyap and Crystalsoft. Even if Kashyap's actions were not within his scope of employment or actual authority under his agency relationship with Crystalsoft, Kashyap's agency relationship aided him in committing the conversion. Thus, Crystalsoft is vicariously liable for Kashyap's tortious conversion of Plaintiff's property.

96. Accordingly, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at the trial.

15

97. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Plaintiff is also entitled punitive damages in an amount to be determined at trial.

98. In light of the malicious, intentional and/or willful nature of Kashyap's actions, Plaintiff is also entitled to its attorney's fees incurred in pursuing this cause of action.

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (AGAINST DEFENDANTS CRYSTALSOFT AND KASHYAP)

99. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

100. Plaintiff conferred a benefit upon Crystalsoft and Kashyap by depositing money into Crystalsoft's account. Plaintiff has received nothing in return for this conferral, which was never intended as a gift or loan. Thus, unless ordered to remit the remaining funds owed to Plaintiff, Crystalsoft and Kashyap will have been unjustly enriched at the expense of Plaintiff by wrongfully procuring and retaining monies owed to Plaintiff as set forth above.

101. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands that this Honorable Court order relief as follows:

1. Compensatory damages in an amount exceeding $4,000,000.00;
2. Punitive damages in the amount to be determined at trial;
3. Reasonable attorney's fees and costs of this action;

16

4. Pre-judgment and post-judgment interest on any damages awarded;

5. All other relief that this Court deems justified.

Dated:  August 16th, 2012　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Avonte D. Campinha-Bacote
　　　　　　　　　　　　　　　　　　　　Avonte D. Campinha-Bacote (0085845)
　　　　　　　　　　　　　　　　　　　　CAMPINHA BACOTE LLC
　　　　　　　　　　　　　　　　　　　　341 S. Third St., Suite 200
　　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　　　　　　(614) 453-4276
　　　　　　　　　　　　　　　　　　　　(614) 228-0520 (FAX)
　　　　　　　　　　　　　　　　　　　　Avonte@cambaclaw.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*, Kuvedina LLC

17