## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Kuvedina, LLC,

      Plaintiff,                          Case No. 2:12–cv–342

          v.                            Judge Michael H. Watson

Cognizant Technology
Solutions, et al.,

      Defendant.

## OPINION AND ORDER

In this diversity action, Plaintiff Kuvedina, LLC ("Kuvedina") seeks

damages arising from disputes in its business relationship with Defendant

Cognizant Technology Solutions US Corporation ("Cognizant") and alleged fraud

perpetrated by Defendants Mahesh Kashyap ("Kashyap") and Crystalsoft, Inc.

("Crystalsoft").  Kashyap and Crystalsoft move to dismiss Kuvedina's claims,

ECF No. 27.  Separately, Cognizant moves to dismiss the claims against it or, in

the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a), ECF No. 28.

For the reasons that follow, the Court denies in part and grants in part

Defendants' motions.

## I. BACKGROUND

Kuvedina is a limited liability company, incorporated in Illinois, which

provides its clients with computer programming, project management, and

analytical consultants.  Cognizant is a company incorporated in Delaware which provides businesses with technological solutions.

On or about February 18, 2010, Kuvedina entered into an Agency Agreement with Cognizant to provide analytical consultants to Cognizant's client, WellPoint, Inc. ("Wellpoint").  For the duration of the Agency Agreement, Wellpoint conducted most of its business in Mason, Ohio, and Kuvedina's consultants provided a substantial portion of their services in Mason, Ohio as well.

Kuvedina alleges Cognizant breached the Agency Agreement by failing to pay several invoices within a reasonable time and failing to pay one invoice altogether.  Kuvedina states this failure to pay on time compromised its ability to pay its consultants and caused several consultants to leave Kuvedina.  Kuvedina also alleges that Cognizant had a duty to keep certain proprietary and trade secret information confidential but Cognizant has used that information in concert with third parties to make a profit.

Kashyap, a senior manager for Cognizant, operated as the primary point of contact for the work Kuvedina was performing for WellPoint.  Anil Baddi ("Baddi"), an employee of Kuvedina, met with Kashyap on several occasions to discuss issues relating to the Agency Agreement.

Kuvedina alleges that Kashyap told Baddi that the entity Crystalsoft was an affiliate of Cognizant, and that Kashyap was an agent for both companies. Kashyap also indicated that Crystalsoft could act as an intermediary between

Cognizant and Kuvedina to facilitate and manage the transfer of funds and ensure Kuvedina employees were properly performing their duties.

Kuvedina also alleges that between March and December of 2010, Kashyap told Baddi several times that in order for Cognizant to continue allowing Kuvedina to render services under the Agency Agreement, Kuvedina would have to pay Crystalsoft a "performance collateral." Kashyap stated the payment collateral would be returned to Kuvedina upon completion of the job duties. Between June 2010 and November 2010, Kuvedina paid Crystalsoft $125,765 as "performance collateral." Kuvedina states that this amount was never reimbursed.

Kuvedina avers Crystalsoft was not affiliated with nor a subsidiary of Cognizant, yet Kashyap acted as an agent for both companies and perpetuated the appearance of a mutual relationship. Kuvedina alleges Cognizant was aware of or should have been aware of Kashyap's fraud involving Crystalsoft.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are

true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557.  Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Id*. at 557–58 (internal citations omitted).

## III. DISCUSSION

### A. Breach of Contract

In Count One, Kuvedina alleges Cognizant breached the Agency Agreement by failing to pay the invoices Kuvedina submitted and/or failing to pay the invoices within a reasonable time.  The Agency Agreement stated, "[a]mounts due from Cognizant to [Kuvedina] under this Section 4 shall be paid monthly

upon invoice within thirty (30) days after the last day of the month for which such amounts apply." Agency Agreement § 4(b), Amend. Compl. Ex. A PAGEID # 281, ECF No. 25-1. Exhibit B to the amended complaint identifies seventeen invoices that Cognizant allegedly paid after the due date and one invoice that Cognizant allegedly never paid. Amend. Compl. Ex. B., ECF No. 25-2.

Cognizant argues it only paid ten of the invoices after the due date, any late payments were not a material breach, Kuvedina's repeated acceptance of the late payments bar its breach of contract claims, and the one missing payment is not enough to meet the amount in controversy requirement for diversity jurisdiction.

Kuvedina replies whether a breach was material is a question of fact to be determined at trial, Kuvedina can recover even if the breach was not material, the breach was material, and Kuvedina's acceptance of the payments does not bar its breach of contract claim.

The Agency Agreement states it is to "be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to conflict of law provisions." Agency Agreement § 20, Amend. Compl. Ex. A PAGEID # 283, ECF No. 25-1. In a diversity action, a federal court must apply the choice of law rules of the state in which it sits. *Miami Valley Mobile Health Services, Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 932 (S.D. Ohio 2012). Under Ohio law, contractual choice-of-law provisions are enforceable. *Id.*

Both parties apply New Jersey law to their discussion of Kuvedina's breach of contract claim, and the Court will do the same.

First, Cognizant argues the breach of contract claim should be dismissed because the breach was *de minimis* since only ten invoices were paid late. Cognizant states "Exhibit B to the Amended complaint shows that seven of the seventeen invoices were paid by Cognizant within thirty days from the last day of the month in which they were issued." Mot. Dismiss 6, ECF No. 28. The Agency Agreement, however, requires payment "within thirty (30) days after the last day of the month *for which such amounts apply*." Amend. Compl. Ex. A PAGEID # 281, ECF No. 25-1 (emphasis added). The Court has no way of determining what months to which the invoices applied and, therefore, cannot determine how many invoices were paid late.

In any event, "[e]ven a nonmaterial breach of contract may be compensable." *Murphy v. Implicito*, 920 A.2d 678, 690 (N.J. 2007). *See also* Williston on Contracts § 63.3 (2012) ("nonbreaching party is entitled to damages caused even by the immaterial breach, albeit that these may be nominal in amount."). Accordingly, a breach of contract claim cannot be dismissed simply because the breach alleged was *de minimis*.

In addition, Kuvedina's breach of contract claim can be aggregated with Kuvedina's other claims to meet the $ 75,000 amount in controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Cognizant does not argue that all of Kuvedina's claims against Cognizant

added together do not total $ 75,000 in damages.  Therefore, if Kuvedina has

stated a claim for even a small breach, the breach of contract claim cannot be

dismissed.

Finally, Cognizant argues that under the terms of the contract, Kuvedina

waived its breach of contract claim by continually accepting late payments.

Cognizant relies on the text of Section 19 of the Agency Agreement.  Kuvedina

argues Section 19 specifically states it has not waived its breach of contract

claim.

Section 19 does not, however, answer the question at hand.  Section 19 of

the Agency Agreement states in relevant part:

> Either party hereto may extend the time for the performance of any
> of the obligations or other acts of the other party hereto or waive
> compliance by the other party hereto with any of the agreements or
> conditions contained herein; *provided*, that the waiver by either party
> hereto of any condition or of a breach of any other provision of this
> Agreement shall not operate or be construed as a waiver of any
> other condition or any other provision or subsequent breach.

Amend. Compl. Ex. A. PAGEID # 283, ECF No. 25-1 (emphasis in original).  This

section only states that a party may waive a requirement and that the waiver

does not apply to other provisions or subsequent breaches.  It does not discuss

how a party goes about waiving a requirement.  Nor does the fact that Section 19

prevents waivers from negating future requirements mean Kuvedina could not

have waived the timing requirement in regards to the late payments at issue.

Cognizant also asserts Kuvedina has waived its breach of contract claim

because it has failed to plead with specificity when it complained to Cognizant

about the alleged late payments and there is no "time is of the essence"
language in the payment timing provision.  Cognizant, however, does not cite any
case law on when a party has waived a contract provision through conduct under
New Jersey law.  Therefore, their arguments are without context.  The Court
declines to flesh out the argument for Cognizant.  Accordingly, the Court denies
Cognizant's motion to dismiss Count One.

## B. Misappropriation of Trade Secrets

In Claim Two, Kuvedina alleges Cognizant has sought to capitalize on
Kuvedina's trade secret information, which constitutes a misappropriation of the
information.  Cognizant argues Kuvedina has failed to state a claim for
misappropriation of trade secrets because it does not sufficiently allege a trade
secret exists, that Cognizant had a duty to keep the information confidential, or
how Cognizant used the information.

Kuvedina, Cognizant, Kashyap, and Crystalsoft all apply Ohio law in their
analysis of Kuvedina's tort claims.  A federal court sitting in diversity applies the
choice of law rules of the state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg.,
Co.*, 313 U.S. 487, 496 (1941).  Because the allegedly fraudulent statements
were made in Ohio, and the payments related to consulting that took place in
Ohio, the Court agrees that Ohio law governs Kuvedina's tort claims.  *See
Reengineering Consultants, Ltd. v. EMC Corp.*, No. 2:08–cv–47, 2009 WL
113058, at *2 (S.D. Ohio Jan. 14, 2009).  The fact that the contract between

Cognizant and Kuvedina is governed by New Jersey law does not affect this

analysis. *Id.* n.2.

The elements of a claim for misappropriation of trade secrets are: (1) the

existence of a trade secret; (2) acquisition of the trade secret as a result of a

confidential relationship; and (3) the unauthorized use of a trade secret. *Hoover*

*Transp. Servs., Inc. v. Frye*, 77 F. App'x 776, 782 (6th Cir. 2003); Ohio Rev.

Code § 1331.61.  Ohio Revised Code § 1333.61 defines a trade secret as

> information, including . . . any business information or plans,
> financial information, or listing of names, addresses, or telephone
> numbers, that satisfies both of the following:
>> (1) It derives independent economic value, actual or potential,
>> from not being generally known to, and not being readily
>> ascertainable by proper means by, other persons who can
>> obtain economic value from its disclosure or use.
>> (2) It is the subject of efforts that are reasonable under the
>> circumstances to maintain its secrecy.

Ohio Rev. Code § 1333.61(D).

Cognizant argues Kuvedina has failed to sufficiently allege a trade secret

existed because it has not identified the business practices that amount to trade

secrets or explained what steps were taken to protect its information.  However,

Kuvedina lists many categories of information that it claims to be trade secrets,

including customer and consultant lists, marketing strategies, and purchase

histories.  Amend. Compl. ¶ 49, ECF No. 25.  In addition, Kuvedina avers the

information derived value from not being widely known and that it took

reasonable precautions to guard the secrecy of the information including

instructing Cognizant not to disclose the information.   Although these statements

are borderline legal conclusions, Cognizant does not attack the factual basis for the allegations, only the pleadings themselves.  Accordingly, Kuvedina has sufficiently alleged trade secrets existed.

Next, Cognizant argues it had no duty to keep the information confidential because the Agency Agreement did not impose a duty of confidentiality on Cognizant.  However, none of the cases Cognizant cites support the proposition that alleging a contractual duty of confidentiality is the only way to state a misappropriation of trade secrets claim.  *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 878, 897 (N.D. Ohio 2009) (granting defendant summary judgment because, *inter alia*, no showing access to information was improper since owner did not have confidentiality agreement with third party); *Power Marketing Direct, Inc. v. Ball*, No. 2:03–cv–1004, 2004 WL 5826149, at *7 (S.D. Ohio Apr. 6, 2004) (dismissing misappropriation claim where plaintiff rested confidential agreement on contract but failed to allege contract existed).  In addition this Court has stated "the statute does not require a specific contractual promise on the part of the defendant not to use or divulge . . . confidential information."  *Power Marketing Direct, Inc.*, 2004 WL 5826149, at *7.  Accordingly, Cognizant's argument is without merit.

Finally, Cognizant argues Kuvedina has failed to allege how Cognizant has misused the trade secrets.  Once again Cognizant challenges the allegations but not the factual basis itself.  In paragraph 56 of the amended complaint, Kuvedina alleges Cognizant has acted in concert with others to profit from the trade secrets

and in paragraph 57 alleges competitors have used the information to undercut Kuvedina's rates. Accordingly, Cognizant had alleged Cognizant misused the trade secrets. The Court denies Cognizant's motion to dismiss Count Two.

## C. Tortious Interference with Actual and Prospective Business Relations

In Count Three, Kuvedina alleges that through Kashyap's fraud, Kashyap and Crystalsoft interfered with the business relationship, business expectancy, and employment relationship of Kuvedina and Cognizant.

Under Ohio law, to state a claim for tortious interference with business relationships, a plaintiff must show (1) the existence of a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom. *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 807 (S.D. Ohio 2010).

Kashyap and Crystalsoft maintain the allegations in the complaint are vague, self-contradictory, and illogical. Essentially they argue the facts in the amended complaint are not believable. In considering a motion to dismiss, the Court construes all facts in the complaint as true. Therefore, this argument is not proper at this stage.

Kashyap and Crystalsoft next contend that Kuvedina fails to state a claim because it has not alleged and factually supported the intent and causation requirements incorporated in the third element of a tortious interference with business relationship claim, and Kuvedina cannot state a claim for interference of business relationship against an agent of one of the parties in the relationship.

Kuvedina argues it has met the pleading requirements and stated a claim against Kashyap because he was at least partly acting outside the scope of his employment with Cognizant.

Kashyap and Crystalsoft first argue Kuvedina has not alleged Kashyap and Crystalsoft intended to interfere with the business relationship between Kuvedina and Cognizant. Kashyap and Crystalsoft rely on the Restatement (Second) of Torts § 766 (1977) to argue a plaintiff must allege a defendant intended to interfere with the business relationship to state a claim for intentional interference of a business relationship. Kuvedina responds that the Restatement does not require that a defendant intended to interfere.

The elements of Ohio's tortious interference with a business relationship are largely adapted from the Restatement (Second) of Torts § 766. *Inwood Village, Ltd. v. Christ Hosp.*, No. C-11-730, 2012 WL 3104407, at *4 (Ohio App. 1 Dist. 2012). The comments to § 766 state intentional interference includes an interference "in which the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action." Restatement (Second) of Torts § 766 cmt. j (1979). Accordingly, intent to interfere is not a requirement of the tort of interference with business relationships.

Although in their reply Kashyap and Crystalsoft argue Kuvedina failed to plead Kashyap and Crystalsoft knew interference would be a necessary consequence of Kashyap's action, that is not the basis on which they moved for

dismissal.  Accordingly, the Court declines to dismiss Count Three for failure to plead intent.

Kashyap and Crystalsoft also assert Kuvedina fails to adequately plead the causation element of tortious interference with a business relationship.  The complaint states Kashyap's alleged misrepresentations "inhibited the valid business relationship, valid business expectancy, and or employment relationship between Plaintiff and Cognizant."  Amend. Compl. ¶ 63, ECF No. 25. The facts describing Kashyap's attempts to take money from Kuvedina under the auspices of Cognizant's relationship with Kuvedina make this statement plausible.  Accordingly, this argument also fails.

Finally, Kashyap and Crystalsoft argue Kuvedina's tortious interference claim against Kashyap must be dismissed because the complaint alleges he acted as an agent for Cognizant, which was one of the contracting parties. Kuvedina argues it has no way of knowing whether Kashyap was working within the scope of his duties with Cognizant until there is discovery and that it has pled in the alternative by stating Kashyap made his fraudulent statements for the benefit of Cognizant, Crystalsoft, and himself.

Tortious interference with a business relationship requires that a defendant interfere with the relationship of the plaintiff and a third party.  *See Hatton v. Interim Health Care of Columbus, Inc.*, No.06AP-828, 2007 WL 902176, at *6 (Ohio Ct. App. 10th Dist. March 27, 2007).  Therefore, a claim for tortious interference of business relationships can only be asserted against "outsiders" or

"strangers to the business relationship," not employees of a party to the relationship acting within his scope of employment. *Geisy v. Kforce, Inc.*, No. 2:05–cv–366, 2005 WL 2806304, at *2 (S.D. Ohio Oct. 26, 2005).

At several points in the complaint, Kuvedina alleges Kashyap was the agent or employee of Cognizant. *See, e.g.*, Amend. Compl. ¶ 32, 69, ECF No. 25. At one point, Kuvedina explicitly states Kashyap's fraudulent misrepresentations were made within the scope of his employment with Cognizant. *Id.* ¶ 78. In the next sentence, Kuvedina states, in the alternative, Kashyap was merely using his apparent authority with Cognizant to commit the fraudulent act. *Id.* Kuvedina also alleges Kashyap made the fraudulent statements for the benefits of Cognizant, Crystalsoft, and himself. *Id.* ¶ 72. Most importantly, the actions Kuvedina alleges Kashyap undertook to interfere do not necessarily fall within the scope of his duties with Cognizant. *Cf. Duggan v. Orthopaedic Institute of Ohio, Inc.*, No. 3:03–cv–7651, 2004 WL 951469, at *4 (N.D. Ohio April 8, 2004) (dismissing claim where plaintiff could prove no set of facts to show defendant was an "outsider"). Construing all facts in favor of Kuvedina, it is plausible that Kuvedina has stated a claim for tortious interference with a business relationship against Kashyap because Kashyap acted outside the scope of his duties with Cognizant. The Court declines to dismiss Count Three.

## D. Fraudulent Representation

In Count Four, Kuvedina alleges Kashyap made fraudulent representations when Kashyap told Kuvedina it needed to give Crystalsoft a "performance collateral" for the work Kuvedina was doing for Cognizant. Kuvedina seeks recovery for this tort from Kashyap directly and Crystalsoft and Cognizant vicariously.

Kashyap and Crystalsoft argue Kuvedina failed to meet the heightened standard for pleading fraud in Federal Rule of Civil Procedure 9(b) because it failed to specify the time and place of the misrepresentations and does not recite the alleged misrepresentation. Kashyap and Crystalsoft also argue the claim does not meet the amount in controversy requirement because it only seeks $50,000. Cognizant argues Kuvedina fails to state a claim against it because any reliance on Kashyap's statement about the performance collateral was not reasonable because the Agency Agreement could not be orally modified. Additionally, it argues Cognizant cannot be vicariously liable because Kashyap's statements were not calculated to promote Cognizant's business. Kuvedina responds it has properly alleged the elements of fraudulent representation and vicarious liability of Cognizant.

To state a claim for fraud under Ohio law, a plaintiff must allege: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, (4) with the intent to mislead another into relying upon it; (5) justifiable

reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 740 (S.D. Ohio 2009).

Fraud claims are analyzed under the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, 476 F. Supp. 2d 809, 816 (S.D. Ohio 2007). When alleging fraud, a "party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). At the very minimum, a plaintiff needs to allege the "time, place, and contents of the misrepresentations upon which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

Rule 9(b) should be interpreted in conjunction with Federal Rule of Civil Procedure 8. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007). Rule 8 only requires "a short and plain statement of the claim made by simple, concise, and direct allegations." *Id.* at 506 (internal quotations omitted). Therefore, the complaint need only be specific enough to provide fair notice to Defendants and enable them to prepare an informed response. *Id.* at 504.

Kashyap and Crystalsoft argue that Kuvedina fails to satisfy the time, place, and content requirements. Kuvedina alleges the misrepresentation occurred in "Mason, Ohio on or about March 2010" and that "Kashyap represented to Kuvedina that Kuvedina needed to deposit money with Cognizant through Crystalsoft in order to satisfy its obligations under the Agency

Agreement." Amend. Compl. ¶¶ 9, 69, ECF No. 25. These allegations include the approximate time and place and the nature of the statements and, therefore, meet the heightened Rule 9(b) standard of pleading.

Kashyap and Crystalsoft also argue that because Count Four only seeks $50,000, it does not meet the amount in controversy requirement for diversity jurisdiction. As discussed above, a plaintiff may aggregate its claims against a defendant to meet the amount in controversy requirement. *Everett,* 460 F.3d at 822. Kashyap and Crystalsoft do not argue all of Kuvedina's claims together fail to meet the amount in controversy requirement. Therefore, the Court declines to dismiss the claim on this basis.

Cognizant argues Kuvedina could not have reasonably relied on Kashyap's statement because Kuvedina knew that there was a clause in the Agency Agreement which stated the Agreement could not be modified orally. It does not follow that just because the contract stated no oral modifications could be made, Kuvedina could not, as a matter of law, justifiably rely on Kashyap's statements. There are plausible scenarios in which Kuvedina was justified in relying on Kashyap's statements despite the provision disallowing oral modifications. For example, the Court has yet to hear facts about the extent to which Baddi, the employee who relied on Kashyap's statements on Kuvedina's behalf, had knowledge of all the provisions of the contract or their legal effect. The cases Cognizant cites are distinguishable because they had the benefit of evaluating the circumstances surrounding the reliance. *See Sheet Metal*

*Workers Int'l Assn., Local No. 33 v. Tate*, 65 Ohio Misc. 2d 48, 63 (Ohio Com. Pl. 1993) (findings of fact after bench trial); *dB Sales, Inc. v. Digital Equip. Corp.*, 951 F. Supp. 1322, 1336–37(N.D. Ohio 1996) (summary judgment order). Kuvedina has adequately alleged justifiable reliance.

Cognizant also argues it could not be vicariously liable because the terms of the agreement barred oral modification and, therefore, Kashyap did not have apparent authority to modify the Agreement. Kuvedina responds it has sufficiently alleged Kashyap acted within the scope of his duties with Cognizant or, in the alternative, that he had apparent authority from Cognizant.[1]

"[F]or an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, the behavior giving rise to the tort must be 'calculated to facilitate or promote the business for which the servant was employed.'" *Groob v. KeyBank*, 108 Ohio St. 3d 348, 356 (2006). Taking Kuvedina's allegations in the light most favorable to Kuvedina, it has stated a claim for vicarious liability by alleging Kashyap was acting within the scope of his employment with Cognizant and acted to benefit Cognizant. Amend. Compl. ¶¶ 32, 78, ECF No. 25. Although this theory conflicts with Kuvedina's allegation that Kashyap was acting outside the scope of his employment, pursuant to Federal Rule of Civil Procedure 8(a)(3), a plaintiff may plead in the alternative,

---

[1] Kuvedina applies New Jersey law to this discussion. However, as discussed above, Ohio law applies to Kuvedina's tort claims.

and Kuvedina's alleged facts could plausibly support either scenario depending on Cognizant's level of involvement in the fraud.  Accordingly, the Court denies all Defendants' motions to dismiss Count Four.

## E. Negligent Hiring, Retention, and/or Supervision

In Count Five, Kuvedina alleges Cognizant owed Kuvedina a duty to exercise ordinary care in hiring, retaining, and supervising its employees, and Cognizant breached that duty in its hiring, retaining, and supervising employees, including, but not limited to, Kashyap.

Cognizant argues Kuvedina has not sufficiently alleged Cognizant had actual or constructive knowledge of Kashyap's incompetence or fraud or that Cognizant's hiring or retaining employees was the proximate cause of Kuvedina's injuries.  Kuvedina argues it has alleged all the necessary elements.

The elements of negligent hiring, retention, and supervision under Ohio law are:

    (1) An employment relationship;
    (2) The employee's incompetence;
    (3) The employer's actual or constructive knowledge of such incompetence;
    (4) The employee's act or omission causing the plaintiff's injuries; and
    (5) The employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Lehrner v. Safeco Ins./ Am. States Ins. Co.*, 171 Ohio App. 3d 570, 583 (Ohio Ct. App. 2nd Dist. 2007).

Kuvedina has recited all the elements of a claim for negligent hiring, retention, and supervision.  Kuvedina has not, however, alleged any facts which show this claim is plausible.  Kuvedina's alternative scenarios are that Kashyap was committing the fraud on behalf of Cognizant and that Kashyap was acting outside the scope of his employment with Cognizant.  In the first scenario, Cognizant was not negligent but rather intentional in its hiring, retaining, and supervising of a fraudulent employee and, therefore, element five is not met.  In the second scenario, Cognizant may have been less than diligent in supervising Kashyap but Kuvedina has not alleged any facts to support the conclusion that Cognizant knew or should have known about Kashyap's fraud, and element three is not met.  Accordingly, the Court grants Cognizant's motion to dismiss Count Five.

## F. Conversion

In Count Six, Kuvedina alleges Kashyap converted money from Kuvedina. Kashyap and Crystalsoft assert the conversion claim should be dismissed because Kuvedina fails to identify the specific money at issue and the exact denomination of money converted.  Kuvedina responds that attached to the complaint is documentation of the date and amount of each transaction between Kuvedina and Crystalsoft and, therefore, it has alleged specific funds were converted.

Under Ohio law, the essential elements of conversion are: (1) plaintiff's ownership or right to possess the property at the time of the conversion;

(2) defendant's conversion by a wrongful act or disposition of Plaintiff's property; and 3) damages. *In re McWeeney*, 255 B.R. 3, 5 (S.D. Ohio 2000) (citing *Haul Transport of VA, Inc. v. Morgan,* No. CA 14859, 1995 WL 328995, at *3–4 (Ohio Ct. App. June 2, 1995)).

Money may be the subject of a conversion claim only if "identification is possible and there is an obligation to deliver the specific money in question." *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 700 (S.D. Ohio 2012) (citing *NPF IV, Inc. v. Transitional Health Services*, 922 F. Supp. 77, 81 (S.D. Ohio 1996)). "An action will not lie for the conversion of a mere debt, and where there is only a relationship of debtor and creditor, not an obligation to return identical money, an action for conversion of the funds representing the indebtedness will not lie against the debtor." *NPF IV, Inc.,* 922 F. Supp. at 82.

Kuvedina has not alleged that Crystalsoft owes it identifiable funds. An action for conversion requires that a defendant have an obligation to deliver specific money, not merely a certain sum of money. *Id.* at 82. There is no allegation that the "performance collateral" money was paid into a separate account, as opposed to a general account where the funds would be commingled with Crystalsoft's other funds. *See id.* Therefore, an action for conversion cannot lie, and the Court grants all Defendants' motions to dismiss Count Six.

## G. Unjust Enrichment

In Count Seven, Kuvedina alleges Crystalsoft and Kashyap were unjustly enriched by the money Kuvedina deposited into Crystalsoft's account. Kashyap

and Crystalsoft argue Kuvedina should not be able to circumvent meeting the heightened standards of pleading fraud by calling the claim something else. Defendants state: "[i]f the Amended Complaint fails to state a claim for fraud then it fails to state any claim against Mr. Kashyap or Crystalsoft." As the Court has held Kuvedina states a claim for fraud, Defendants' only argument to dismiss Count Seven is moot.

## H. Motion to Transfer

Cognizant moves to transfer this action to the United States District Court of New Jersey. Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A decision to transfer venue is made "on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). It is the burden of the moving party to show why the action should be transferred, and the plaintiff's choice of forum must be given considerable weight. *Sky Tech. Partners, LLC v. Midwest Research Institute*, 125 F.Supp. 2d 286, 291 (S.D.Ohio 2000). For a change of venue to be appropriate, the balance of convenience must weigh heavily in favor of the transfer; § 1404(a) is not intended to shift an action to a forum likely to prove equally convenient or inconvenient. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). In determining whether a transfer of venue is appropriate, the Court must examine the convenience of the parties and witnesses, public-interest

factors, and private interest factors.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

Cognizant argues it would be inconvenient for Cognizant to defend itself in Ohio but New Jersey would not be any more burdensome than Ohio for Kuvedina, based in Illinois, and Kashyap and Crystalsoft, based in Texas. Cognizant also argues New Jersey would be more convenient because its documents are located in New Jersey, the agreement between Cognizant and Kuvedina is governed by New Jersey law, and only a portion of the complained of conduct occurred in Ohio.  Kuvedina argues the evidence and witnesses are located in Ohio and Ohio is the midway point between the parties' principal places of business: Illinois, Texas, and New Jersey.

Cognizant has failed to meet its burden to demonstrate that New Jersey is a significantly more convenient forum.  All parties are slightly inconvenienced by litigating in a forum which is not their principal places of business; however, Ohio is more central to Illinois, Texas, and New Jersey than New Jersey.  In addition, the major portion of events occurred in Ohio and, therefore, Ohio law governs the torts at issue.  There is only one breach of contract claim which is governed by New Jersey law.  Accordingly, the Court denies Cognizant's motion to transfer the action to the District of New Jersey.

## IV. DISPOSITION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss, ECF No. 27 and 28.  The Court denies

the motions as to Counts One, Two, Three, Four, and Seven and grants the motions as to Counts Five and Six. The Court also **DENIES** Cognizant's motion to transfer the action.

       **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**