IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KUVEDINA, LLC, | : | CASE NO.  12-CV-00342 |
| Plaintiff, | : | JUDGE WATSON |
| v. | : | MAGISTRATE JUDGE KEMP |
| COGNIZANT TECHNOLOGY SOLUTIONS, et al., | : | |
| Defendants. | : | |

## MOTION FOR WITHDRAWAL OF COUNSEL

Pursuant to Local Rule 83.4(c)(2), Attorney Avonte D. Campinha-Bacote of Campinha Bacote LLC, counsel for plaintiff Kuvedina, LLC, hereby respectfully moves the Court for leave to withdraw as trial attorney and counsel in this matter. A memorandum in support is attached, as well as a declaration in support, as required under the local rules.

Respectfully submitted,

/s/ Avonte D. Campinha-Bacote
Avonte D. Campinha-Bacote (0085845)
Campinha Bacote LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
(614) 233-4727
(415) 276-2988 (FAX)
Avonte@cambaclaw.com

*Counsel for Plaintiff, Kuvedina LLC*

**MEMORAMDUM IN SUPPORT**

I. **Introduction and Background**

The undersigned counsel filed this action on April 17, 2012.  Beginning in or around March of 2014, Mr. Campinha-Bacote's communication with Mr. Baddi, the sole owner and principal of Kuvedina, LLC, and the only point of contact counsel has with the Plaintiff, began to sharply decline.  On or around April 15, 2014, Mr. Campinha-Bacote learned that Mr. Baddi was no longer residing in the United States, evidenced by a verification that was executed by him in response to Defendant Cognizant Technology Solutions' First Set of Interrogatories. The verification indicated that as of April 15, 2014, Mr. Baddi was in Hyderabad, India. *See* Exhibit A. Mr. Campinha-Bacote has inquired dozens of times via email as to when Mr. Baddi expects to return to the United States, and Mr. Baddi cannot respond with any indication as to when he will return.  Counsel for Defendant Cognizant Technology Solutions has attempted to notice Mr. Baddi's deposition multiple times, and due to Mr. Campinha-Bacote's inability to communicate with Mr. Baddi or receive a time frame as to when Mr. Baddi will return to the United States, Mr. Baddi's deposition has not been able to go forward.  Furthermore, on June 11, 2014 counsel for Defendant Cognizant indicated that if counsel could not provide viable dates for Mr. Baddi's deposition by the end of that week, they would move to compel the deposition. *See* Exhibit B.

In the past three weeks, Mr. Campinha-Bacote has attempted to email Mr. Baddi on twelve (12) separate occasions and has not received one response. This level of non-responsiveness has rendered representation beyond difficult, and there are no indications that Mr. Baddi intends on responding. The last communication from Mr. Baddi to the undersigned counsel was on May 20, 2014. Since then, all efforts by Mr. Campinha-Bacote to contact Mr. Baddi have been unsuccessful. The complete inability to communicate with Mr. Baddi has

rendered effective representation of Mr. Baddi impossible. Therefore, the undersigned counsel respectfully request leave to withdraw as trial attorney and counsel in this matter.

## II. Argument

Local Rule 83.4(c)(2) requires that "the withdrawal of the current trial attorney, either from the case or from the designation as trial attorney, must occur by way of motion and order." The motion "(1)…must be served upon the client and the certificate of service must so state; (2)…must assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3)…must be accompanied by an affidavit or other evidence supporting the assertion of good cause." *Id*.

### A. Service Upon the Client

The first requirement for withdrawal is serving the instant motion upon the client, Mr. Baddi. As discussed above, due to Mr. Baddi's departure outside of the United States, the only forum of contact counsel has with Mr. Baddi is via email. Despite numerous requests by counsel for Mr. Baddi to provide his present address, Mr. Baddi has refused to provide that information to counsel. As repeated attempts to communicate with Mr. Baddi have proved fruitless, the undersigned counsel has been unable to successfully serve the instant motion upon the client and receive acknowledgement thereof, despite diligent efforts. Counsel has emailed Mr. Baddi a copy of this motion but as of the date of this motion, counsel has not received a response. Thus, the undersigned counsel respectfully requests that the Court excuse the service requirement or deem it met in light of the attempts counsel has made. *See generally Dozier v. Sun Life Assur. Co. of Can.*, 466 F.3d 532, 534-37 (6th Cir. 2006) (applying doctrine of administrative exhaustion).

### B. Good Cause to Withdraw

The second requirement for withdrawal is that good cause exists for the attorney to withdraw. Although the Ohio Rules of Professional Conduct do not expressly define "good cause," they enumerate certain circumstances where withdrawal is permissible, including where

> (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation…has been rendered unreasonably difficult by the client;
> [or]
> (9) other good cause for withdrawal exists.

Ohio Prof. Cond. Rule 1.16(b).

The current situation satisfies all of the above categories. The client has not fulfilled the obligation of maintaining reasonable communication with his attorney. This obligation is an implied corollary to an attorney's duty to communicate with the client, and is "necessary for the client to participate effectively in the representation." *Id*. 1.4, c. 1. The undersigned counsel can represent that they have attempted to give reasonable warning to the client via email that withdrawal will follow absent further communication. Thus, withdrawal is permitted under subsection (5).

Under subsection (6), the client's lack of communication to the undersigned counsel, whatever the reason, has made the representation unreasonably difficult. An attorney must be able to contact his or her client to exchange communications regarding the representations. Without knowledge of the client's interests and wishes, the attorney cannot effectively further them through the representation. Under this same line of reasoning, this case also falls within the catchall provision of subsection (9).

The Rules of Professional Conduct also provide for certain circumstances where

4

withdrawal from representation is mandatory, including any scenario where "the representation will result in violation of the Ohio Rules of Professional Conduct or other law." *Id*. 1.16(a)(1). Rule 1.4(a) mandates a lawyer to do all of the following:

> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required by these rules;
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
> (3) keep the client reasonably informed about the status of the matter;…
> (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Ohio Rules of Professional Conduct or other law.

*Id*. 1.4(a), (b). Lastly, Rule 1.4(b) mandates that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Because of the lack of communication with the client, the undersigned counsel is unable to fulfill his duties to inform and consult with the client, and to explain matters to the client. As such, counsel is forced to guess as to the client's potential wishes and legal positions. To proceed in representing the client without fulfilling these duties would be a violation of Rule 1.4, and therefore withdrawal is mandated under Rule 1.16(a)(1).

Finally, the Local Rules require attachment of an affidavit or other evidence supporting the existence of good cause. Attached to this memorandum is the declaration of Avonte Campinha-Bacote.

### III. Conclusion

For all of the foregoing reasons, and given the unique situation presented, the undersigned counsel respectfully moves the Court for leave to withdraw as trial attorney and

counsel for plaintiff Kuvedina, LLC.

        Respectfully submitted,

        /s/ Avonte D. Campinha-Bacote_____
        Avonte D. Campinha-Bacote (0085845)
        Campinha Bacote LLC
        Two Miranova Place, Suite 500
        Columbus, OH 43215
        (614) 233-4727
        (415) 276-2988 (FAX)
        Avonte@cambaclaw.com

        *Counsel for Plaintiff*
        *Kuvedina, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        /s/ Avonte D. Campinha-Bacote_____
        Avonte D. Campinha-Bacote (0085845)